People v Young (2025 NY Slip Op 05748)

People v Young

2025 NY Slip Op 05748

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Ind No. 423/21|Appeal No. 4964|Case No. 2024-00219|

[*1]The People of the State of New York, Respondent,
v
David Young, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kevin Arturo Peterson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Timothy W. Lewis, J.), rendered on or about November 15, 2023, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of four years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed. 
Under the "totality of the circumstances," defendant's waiver of the right to appeal was invalid (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). Initially, the court failed to "make clear that the right to appeal is separate and distinct from the trial rights defendant was waiving by entering a guilty plea" (People v Cisse, 228 AD3d 440, 441 [1st Dept 2024], lv denied 42 NY3d 1079 [2025]; see People v Bradshaw, 18 NY3d 257, 264 [2011]).
The court did not inquire with defendant directly as to whether he read and understood the written appeal waiver (see People v Eason, 228 AD3d 443, 444 [1st Dept 2024], lv denied 42 NY3d 926 [2024]). Further, the written waiver did not cure the defects in the court's oral colloquy because there was a conflict between the colloquy and the written waiver regarding what appellate issues survived the waiver of appeal, thereby causing confusion as to the waiver's effect (see e.g. Cisse, 228 AD3d at 441; see also Thomas, 34 NY3d at 560).
Nevertheless, we perceive no basis for reducing the sentence.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025